UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID JOHNSON,<br><br>          Plaintiff,<br><br>    v.<br><br>FEDEX FREIGHT, INC., and (all individually and in their official capacities) ROBERT DOES (heretofore unidentified individuals), and ABC Corps. (heretofore unidentified corporations, partnerships and/or other business entities),<br><br>          Defendants. | Civ. No. 2:16-02830<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff David Johnson brings this action against FedEx Freight, Inc. ("FedEx") and unidentified individuals and corporations, alleging violations of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151–169, in connection with the purportedly wrongful and retaliatory termination of his employment. This matter comes before the Court on FedEx's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and its motion for sanctions under Rule 11(c). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, FedEx's motion to dismiss is **GRANTED** and its motion for sanctions is **DENIED**.

I. BACKGROUND

Plaintiff is a citizen of New Jersey and a former employee of FedEx. FedEx is a shipping company incorporated in Delaware, with its principal place of business in Memphis, Tennessee. On May 18, 2016, Plaintiff filed a complaint (the "Complaint"), alleging that FedEx wrongfully terminated his employment due to his involvement in attempting to unionize a local branch of FedEx's business.

Plaintiff was hired as a truck driver by FedEx on March 5, 2012. Compl. ¶ 5, ECF No. 1. Plaintiff maintains that he was "an exemplary employee" during his employment and that he was "never demoted, suspended nor reprimanded throughout and until he was unexpectedly terminated on August 13, 2015." *Id*. at ¶ 6. Plaintiff was a well-known union

supporter and engaged in numerous efforts to organize his local branch in Newark, New Jersey. *Id.* at ¶ 7.

On November 11, 2014, Plaintiff was purportedly approached by the CEO of FedEx during a training class and was told to "say no to the union." *Id.* at ¶ 9. Plaintiff asserts that he felt threatened by the CEO's mandate, but he nevertheless continued his support of the effort to organize. As a result, Plaintiff "was harassed and threatened with physical violence by some other employees." *Id.* at ¶¶ 10–11. Plaintiff also alleges that he was falsely accused of severe misconduct in his employment, which was the reason given for his termination, but that he was never told which of his actions consisted of the misconduct. *Id.* at ¶ 12. Plaintiff submits that the New Jersey Department of Labor Unemployment Board determined that he never committed any misconduct. *Id.* at ¶ 13.

Plaintiff alleges two counts against Defendants: retaliation (Count I) and wrongful termination (Count II). *Id.* at ¶¶ 16–23. Plaintiff brings both counts as violations of "federal statute and state law." *See id.* at ¶¶ 19, 23. Plaintiff claims that jurisdiction is proper in this Court pursuant to the NLRA, 29 U.S.C. §§ 151–169. *See id.* at ¶¶ 1–4. Plaintiff does not assert diversity jurisdiction nor does he specify which, if any, state or common laws were violated by FedEx's conduct.

FedEx now moves to dismiss Plaintiff's Complaint with prejudice. FedEx first argues that this Court lacks subject matter jurisdiction over Plaintiff's claims because the National Labor Review Board ("NLRB") has exclusive jurisdiction to hear all claims alleging violations of an employee's rights under sections 7 or 8 of the NLRA. *See* Mem. of Law of Def. FedEx in Supp. of Its Mot. to Dismiss ("Def.'s Mot.") 3–4, ECF No. 10-1. FedEx next argues that, to the extent that Plaintiff brings any state law claims, those claims are preempted by the NLRA. *See id.* at 4–6. Finally, FedEx argues *arguendo* that Plaintiff's claims are barred by the NLRA's statute of limitations. *See id.* at 6-7.

Concurrently, FedEx moves this Court to impose sanctions on Plaintiff pursuant to Rule 11(c)(2). FedEx argues that sanctions are warranted because both of Plaintiff's claims are frivolous. *See* Mem. of Law of Def. FedEx in Supp. of Mot. for Rule 11 Sanctions ("Sanctions Mot.") 2–4, ECF No.11-1. FedEx submits that it complied procedurally with Rule 11 by sending a letter and copy of its motion to dismiss to Plaintiff's counsel, asking Plaintiff to withdraw the Complaint. *See* Sanctions Mot. at 2; Decl. of Mai Tran ("Tran Decl."), Ex. A. According to FedEx, Plaintiff's counsel received FedEx's correspondence on September 13, 2016, but refused to withdraw the Complaint. *See* Sanctions Mot. at 2; Tran Decl., Ex. B.

For reasons unknown to the Court, Plaintiff has not filed an opposition or otherwise responded to either of FedEx's motions. Nonetheless, Plaintiff's Complaint remains pending before this Court and the Court will consider each motion in kind.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.

2

The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

### III. DISCUSSION

The Court will first address FedEx's motion to dismiss before turning its motion for sanctions.

#### A. The Motion to Dismiss

Both of Plaintiff's claims are indisputably covered by the NLRA. Section 157 expressly provides employees with "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ." *See* 29 U.S.C. § 157. Section 158 protects employees from unfair labor practices by their employer, including "discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization." *See* 29 U.S.C. § 158(a)(3).

The NLRB "has exclusive jurisdiction to prevent and remedy unfair labor practices by employers and unions," including any causes of action arising out of sections 7 or 8 of the NLRA. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989); *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 378 (3d Cir. 1999). Furthermore, "state regulations and causes of action are presumptively preempted if they concern conduct that is actually or arguably either prohibited or protected by the [NLRA]." *See Belknap, Inc. v. Hale*, 463 U.S. 491, 498 (1983) (explaining the scope of the *Garmon* doctrine of preemption of state causes of action by the NLRA).

Consequently, the NLRB, not this Court, has exclusive jurisdiction to hear Plaintiff's claims in the first instance. Likewise, any related state law claims are preempted until the NLRB has expressly conferred jurisdiction to this Court to hear the matter. *See*

3

*Crown Clothing Co. v. Papale*, 854 F. Supp. 316, 320–21 (D.N.J. 1994) ("This jurisdictional rule is applied broadly; all matters arguably subject to (*i.e.*, arguably protected or prohibited by) Section 7 or 8 must go before the NLRB, who initially must determine if jurisdiction should vest with itself or the courts." (internal quotes omitted)).

In his Complaint, Plaintiff purports to have filed a separate complaint with the NLRB. Despite indicating that he attached documentation thereof, the Complaint contains no such documentation. *See* Compl. at ¶ 15. Furthermore, this Court requires more than a mere filing of a complaint with the NLRB; it requires an express determination by the NLRB conferring jurisdiction to this Court. Absent that, this Court lacks subject matter jurisdiction and Plaintiff's Complaint must be dismissed in its entirety.

Accordingly, FedEx's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

### B. The Motion for Sanctions

FedEx also moves for Rule 11 sanctions against Plaintiff and his counsel for filing what FedEx characterizes as a frivolous complaint. *See* Sanctions Mot. at 2–4. FedEx claims that Plaintiff's counsel "had a duty to conduct a pre-filing investigation and failed to do so," and that "a reasonable inquiry would have shown that the allegations in this Complaint are subject to the NLRB's exclusive jurisdiction, are preempted, and are time-barred." *Id*. at 3. FedEx's counsel seeks compensation in the way of its fees and costs associated with filing the motion to dismiss and the motion for sanctions. *Id*. at 4.

"'[T]he main purpose of Rule 11 is to deter, not to compensate.'" *See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 300–01 (3d Cir. 1996) (quoting 5A Wright & Miller, *Fed. Practice & Procedure* § 1336 (2d ed. Supp. 1996)). The Third Circuit instructs "that '[f]ee-shifting is but one of several methods of achieving the various goals of Rule 11,' that they should 'consider a wide range of alternative possible sanctions for violation of the rule,' and that the 'district court's choice of deterrent is appropriate when it is the *minimum* that will serve to adequately deter the undesirable behavior.'" *Id*. at 301 (quoting *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). District courts are "encouraged to consider mitigating factors in fashioning sanctions," including a defending party's ability to pay, an attorney's history of misconduct, a moving party's need for compensation, the degree of frivolity, and the willfulness of the conduct to be sanctioned. *Id*.

"Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010). "A district court must determine whether the attorney's conduct was 'objectively reasonable under the circumstances.'" *Id*. (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)). "Sanctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Id*. (citation and quotation omitted). Rule 11 "must not be used as an automatic penalty against an attorney or party

advocating the losing side of a dispute, and it should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories." *Id.* (internal quotation and citation omitted).

In light of the Third Circuit's instruction, the Court finds that Plaintiff's Complaint was improperly filed but that it is not frivolous and does not warrant sanctions. The Complaint alleges a factual narrative that establishes a pattern of misconduct by FedEx. As noted above, should the NLRB see fit to confer jurisdiction over this matter to this Court, then Plaintiff's claims would be actionable. Notably, FedEx does not allege a pattern of frivolous filings by Plaintiff's counsel that would clearly require deterrence of future misconduct. The Court is not aware of Plaintiff's ability to pay, but it is undeniable that an international corporation as large as FedEx can certainly afford to pay its own attorneys' fees. The Court, therefore, finds that the balance of mitigating factors weighs against the issuance of sanctions against Plaintiff and his counsel. Accordingly, FedEx's motion for sanctions is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, FedEx's motion to dismiss is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE**. FedEx's motion for sanctions is **DENIED**. An appropriate order follows.

                                                          */s/ William J. Martini*
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 10, 2016**